UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

| | | |
|---|---|---|
| **JULIA LOUISE MCDUFFY-JOHNSON** | * | **CIVIL ACTION NO. 19-0375** |
| vs. | * | **CHIEF JUDGE S. MAURICE HICKS, JR.** |
| **DANIEL A. LANE, III** | * | **MAG. JUDGE KAREN L. HAYES** |

## REPORT AND RECOMMENDATION

Plaintiff Julia Louise McDuffy-Johnson, proceeding pro se and *in forma pauperis*, filed the above-captioned action on March 25, 2019 against Daniel A. Lane, III.[1] [doc. # 1]. This matter has been referred to the undersigned for review, report, and recommendation in accordance with 28 U.S.C. § 636 and the standing orders of the Court. For the following reasons, it is recommended that Plaintiff's Complaint be **DISMISSED WITH PREJUDICE**.

## Background

Plaintiff alleges the following:

> The defendant has both met with plaintiff in person and told her of his knowledge of a device housing data with her whole life on it, (2006) as well as been the primary participant in perpetrating crimes against her by the using thereof, anatomical and sex crime. Defendant, using the said means does hinder plaintiff's prayer times (he can hear and see when she prays). He rapes via "cyber technology" to hurt plaintiff's body for retaliation. He does raping when plaintiff meditates holy scriptures, uses the said to coerce plaintiff to have sex with telepathic "sensual" forged weapon(s).

[doc. # 1, Part III]. Plaintiff also claims she is damaged by the

> installation of cyber weaponry installed to plaintiff's anatomical portals. The installation(s) of said damage is lifelong, malicious and "active". It gives

---

[1] Although Plaintiff's Complaint lists three defendants, Daniel A. Lane, III, "Sunny" and "Bubba," Plaintiff provides the same residence and e-mail address for each of them and alleges claims against only one individual. [doc. # 1]. Thus, the Court treats the individuals as one defendant.

> defendant the ability to repeat offend at his will twenty-four hours a day, 365 days per year since 2005. . . . The weapon (super imposed) causes plaintiff inability to protect herself . . . . It is a severe security breach leaving only certain spiritual uniqueness without threat of vandalism and assault. The device has properties of espionage, destruction of evidence, audio / visual to name a few.

(*Id.* Part IV) (mistakes in original). Plaintiff requests the Court strip the defendant of "all weaponry intended for ill will," imprison him "with maximum confinement and security," and "bind him 'hand and feet' and allow no more danger to any other." (*Id.*)

## Law and Analysis

### I. Preliminary Screening

Because Plaintiff is proceeding *in forma pauperis*, her Complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915(e)(2). Section 1915(e)(2)(b) provides for sua sponte dismissal of a complaint if the court determines the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."

A complaint is frivolous if "it lacks an arguable basis in either law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law "if it is premised on an 'indisputably meritless legal theory.'" *Boyd v. Biggers*, 31 F.3d 279, 281 (5th Cir. 1994) (quoting *Neitzke*, 490 U.S. at 327). A claim lacks an arguable basis in fact "if the facts alleged are 'clearly baseless,' a category encompassing allegations that are 'fanciful,' 'fantastic,' and 'delusional.'" *Denton v. Hernandez*, 504 U.S. 25, 32–33 (1992) (citations omitted). "As those words suggest, a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Id.*

A complaint fails to state a claim on which relief may be granted if it fails to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Likewise, a complaint fails to state a claim "if it appears that no relief could be granted under any set of facts that could be proven consistent with the allegations." *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998) (citations omitted). In making this determination, a court accepts as true all factual allegations in the complaint. *See Iqbal*, 556 U.S. at 678.

**II.     Claims**

Plaintiff's allegations regarding the defendant's use of cyber technology and telepathy clearly meet the definition of frivolous. Not only are the claims incoherent, but they are irrational, wholly incredible, and lack any factual support or legal basis. Courts have routinely considered similar allegations to be so delusional as to warrant dismissal as frivolous. *See, e.g.*, *Phillips-Berry v. Trump*, No. 18-31073, 2019 WL 1239798, at *1 (5th Cir. Mar. 15, 2019) (finding plaintiff's claim that defendants "conspired to implant a device into her body that causes her pain and controls her mind" to be "incoherent and wholly lacking any legal basis"); *Johnson v. D.E.A.*, 137 F. App'x 680, 680–81 (5th Cir. 2005) (dismissing as frivolous plaintiff's claim that the Drug Enforcement Agency implanted a transmitter in his scalp that subjected him to "extremely high numbers of sexual assaults"); *Sennet v. St. Martin Par. Corr. Facility*, No. 6:17-CV-01185 SEC P, 2018 WL 3381504, at *3 (W.D. La. May 31, 2018) (dismissing as frivolous plaintiff's allegation of a chip being inserted into his face).

Additionally, to the extent Plaintiff requests that the defendant be prosecuted, she has failed to state a viable claim. "It is well-settled that the decision whether to file criminal charges against an individual lies within the prosecutor's discretion." *Lewis v. Jindal*, 368 F. App'x 613,

614 (5th Cir. 2010). A private citizen has no constitutional right to have someone criminally prosecuted. *Oliver v. Collins*, 914 F.2d 56, 60 (5th Cir. 1990).

## Conclusion

For the foregoing reasons,

**IT IS RECOMMENDED** that Plaintiff's Complaint, [doc. # 1], be **DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim on which relief can be granted.

**IT IS FURTHER RECOMMENDED** that Plaintiff's motion to serve [doc. # 6] be **DENIED AS MOOT**.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and FRCP Rule 72(b), the parties have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before he makes a final ruling.

**Failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14) days from the date of its service, shall bar an aggrieved party, except on the grounds of plain error, from attacking on appeal the unobjected-to factual findings and legal conclusions accepted by the District Judge.**

In Chambers, at Monroe, Louisiana, this 9th day of April 2019.

KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE